UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  EDCV 21-00209 JVS (PVC)                                    Date: March 9, 2021

Title    Gabriel Lee Jennings v. Officer Travis Leach, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE**

Pending before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Gabriel Lee Jennings, a pretrial detainee in the custody of the Riverside County Sheriff's Department ("RCSD"). ("Complaint," Dkt. No. 1). According to an RCSD investigative report interspersed with the Complaint, Plaintiff was subject to arrest on charges of violating California Penal Code § 243(e)(1), Domestic Battery; P.C. § 273(a)(b), Child Endangerment; P.C. § 273.6, Violation of a Domestic Restraining Order; and P.C. § 459, Burglary. (Complaint at 7).[1]

The Complaint sues the County of Riverside; two Moreno Valley Police Department officers; the Riverside County District Attorney and a deputy district attorney from same office; and two Riverside County public defenders. (*Id.* at 13-15). Plaintiff claims that even though he is innocent of the "inflammatory, malicious, [and]

---

[1] The Court will cite to the Complaint and its attachments as though they formed a single, consecutively paginated document, according to the page numbers assigned by the Court's CM/ECF docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-00209 JVS (PVC)                                                       Date:  March 9, 2021

Title   Gabriel Lee Jennings v. Officer Travis Leach, et al.

excessive charges" brought against him, Defendants are engaged in a "criminal conspiracy" to violate his civil rights "by maliciously rigging the charges and preliminary trial in favor of the prosecution" to ensure that Plaintiff "will be convicted of a crime he never committed."  (*Id.* at 16-17).

The Complaint purports to raise at least eight claims:  (1) false arrest, (*id.* at 19); (2) (text of claim entirely missing),[2] (*id.*); (3) excessive bail in violation of the Eighth Amendment and the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, (*id.* at 22); (4) malicious prosecution in violation of Plaintiff's rights to due process and equal protection, (*id.*); (5) due process and denial of a fair trial, (*id.*); (6) conspiracy to violate civil rights, pursuant to 42 U.S.C. § 1985, (*id.* at 21); (7) failure to prevent a civil rights violation under 42 U.S.C. § 1986, (*id.*); and (8) violation of Plaintiff's right to a public trial due to the "extremely poor" quality of the streaming audio used as a public health accommodation during the COVID-19 pandemic.  (*Id.*).  Plaintiff seeks monetary damages for a wide variety of physical, mental, and emotional injuries.  (*Id.* at 18). However, it appears that Plaintiff's claims may be subject to dismissal pursuant to the *Younger* abstention doctrine.

## **The *Younger* Abstention Doctrine**

As a general proposition, federal courts must abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate.  *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  This concept is referred to as the

---

[2] The Complaint is occasionally difficult to decipher because its pages appear to have been randomly jumbled.  For example, while the heading "Second Cause of Action" appears at the bottom of page 19, the substance of that claim appears to be entirely missing from the copy of the Complaint filed with the Court.  (Complaint at 19). Similarly, although the "Fifth Cause of Action" begins at the bottom of page 22, the claim breaks off in mid-sentence and does not appear to continue on any other page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-00209 JVS (PVC)                                    Date:  March 9, 2021

Title   Gabriel Lee Jennings v. Officer Travis Leach, et al.

doctrine of abstention or the *Younger* doctrine.  Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise."  *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis in original; internal citation omitted).

*Younger* abstention in favor of a state court proceeding "is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstance" exists, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute.  *Id.*; *see also Younger*, 401 U.S. at 49, 53-54.  When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice.  *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires dismissal of the federal action.") (emphasis omitted).

### Potential Application of the Doctrine to Plaintiff's Complaint

It plainly appears from the Complaint that Plaintiff's criminal proceedings in state court are still pending.  It is further beyond serious debate that state criminal proceedings involve important state interests.  *See, e.g., Kelly v. Robinson*, 479 U.S. 36, 49 (1986)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-00209 JVS (PVC)                                    Date:  March 9, 2021

Title        Gabriel Lee Jennings v. Officer Travis Leach, et al.

("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 333 (1984) (J. Stevens, concurring) ("One of the weightiest of state interests is that favoring speedy, efficient, and uninterrupted disposition of criminal cases."); *People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). Furthermore, a finding in favor of Plaintiff on his claims, including, but not limited to, his false arrest claim, would have the "practical effect of enjoining the ongoing state judicial proceeding." Accordingly, application of the *Younger* abstention doctrine in this case turns on whether the state proceedings provide an adequate opportunity to litigate Plaintiff's federal constitutional claims, or, if they do, whether any "extraordinary circumstance" warrants an exception to the doctrine.

      Plaintiff appears to have an adequate opportunity to raise his federal constitutional claims in his ongoing state proceedings because there does not appear to be any state procedural bar that would prohibit him from raising them. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("[A] federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'") (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)). In the absence of a procedural bar, whether a defendant in a state criminal proceeding actually takes advantage of the opportunity to raise his federal constitutional claims is irrelevant to the *Younger* analysis. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Here it is abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings. No more is required to invoke *Younger* abstention. . . . Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-00209 JVS (PVC)                              Date:  March 9, 2021

Title      Gabriel Lee Jennings v. Officer Travis Leach, et al.

mean that the state procedures were inadequate") (footnote omitted).

    No such procedural bars are alleged in the Complaint, and indeed, it is well recognized that state courts are competent to adjudicate federal constitutional claims in criminal proceedings.  *Moore*, 442 U.S. at 430-32; *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930 (1975) ("The principle underlying *Younger* . . . is that state courts are fully competent to adjudicate constitutional claims, and therefore a federal court should, in all but the most exceptional circumstances, refuse to interfere with an ongoing state criminal proceeding.").  Accordingly, it appears that the criteria for application of the *Younger* abstention doctrine in this case may be satisfied.

## Conclusion and Order

    It appears that the instant claims may be subject to dismissal pursuant to the *Younger* abstention doctrine because Plaintiff's criminal proceedings (1) are still pending in state court and (2) implicate important state interests, (3) the state proceedings would appear to provide an adequate opportunity for Plaintiff to litigate his federal constitutional claims, and (4) adjudication of the instant claims in Plaintiff's favor would have the practical effect of enjoining the ongoing state judicial proceedings.  Plaintiff is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed under *Younger*.  In response to this Order, Plaintiff must explain why the elements for *Younger* abstention are not present here, or identify any "extraordinary circumstance" that would warrant an exception to *Younger*.  After the Court receives a response to the Order to Show Cause, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Plaintiff's claims.

    **Plaintiff is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-00209 JVS (PVC)                                         Date: March 9, 2021

Title     Gabriel Lee Jennings v. Officer Travis Leach, et al.

*See* **Fed. R. Civ. P. 41(b).**  Instead of filing a direct response to this Order to Show Cause, Plaintiff may request a voluntary dismissal of his action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Plaintiff's convenience.**  However, Plaintiff is advised that any dismissed claims may be later subject to the applicable statute of limitations.

    The Clerk of Court is directed to serve a copy of this Order on Plaintiff at his current address of record.

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |